PER CURIAM.
Appellant has raised several issues which are identical to those raised in the companion case of Morrissey v. State, 451 So.2d 526, which decision is issued simultaneously herewith. We resolve those issues in accord with the opinion in Morrissey. However, appellant has also raised a claim that he was entitled to a mistrial when the prosecutor stated in closing argument that the state’s chief witness, an admitted participant in the same crimes alleged against appellant, had, unlike appellant, voluntarily given a detailed and truthful statement to the police admitting his participation in the crimes alleged. Appellant claims that this constituted an improper comment on his right to remain silent. See Kinchen v. State, 432 So.2d 586 (Fla. 4th DCA 1983).
Under the prevailing law as set out in Kinchen, if the comment is fairly susceptible of being interpreted by the jury as a comment on the appellant’s exercise of his right to remain silent when initially confronted, such a comment constitutes per se reversible error. Here, a comment that the prosecution witness gave a statement up front, and the defendant did not, is surely “fairly susceptible” of being interpreted as a comment on appellant’s failure to speak out in the beginning. In other words, under the “fairly susceptible” standard adopted by the Florida Supreme Court, we have no choice but to reverse. In doing so, however, we acknowledge, as we did in Kinchen, that two of our sister courts have applied different standards than we apply here. See Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982); and State v. Bolton, 383 So.2d 924 (Fla. 2d DCA 1980).[1]
Accordingly, appellant’s convictions are reversed and this cause is remanded for a new trial in accord herewith.
ANSTEAD, C.J., and LETTS and BERA-NEK, JJ., concur.

. In reviewing the record, we believe that the prosecutor's remarks were actually made in response to defense counsel’s attack during final argument on the credibility of the prosecution witness and, especially, the state’s willingness to allow the witness to plead guilty to a lesser offense in exchange for his testimony. If we were free to apply the standard set out in Gains and Bolton, we would be inclined to affirm appellant’s conviction on the grounds that the particular comment was harmless, considered in the context in which it was made and in view of the other evidence of appellant’s involvement. In reaching this conclusion, we are also influenced by the fact that appellant testified at the trial, and his credibility too was before the jury.